IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

WALTER LOUIS GILLIAM                                                      PLAINTIFF

VS.                                                    CIVIL ACTION NO. 3:09cv99-FKB

SHERIFF MALCOLM McMILLIN et al.                                     DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Plaintiff, a state inmate, brought this action pursuant to 42 U.S. § 1983 alleging claims of unconstitutional jail conditions, inadequate medical treatment, and excessive force arising out of his incarceration as a pretrial detainee at the Hinds County Detention Center (HCDC). A *Spears*[1] hearing has been held, and the parties have consented to jurisdiction by the undersigned. Presently before the Court is Defendants' motion for summary judgment. Having considered the motion, Plaintiff's response, and Defendants' reply, the Court concludes that the motion should be granted and the complaint dismissed with prejudice.

In his complaint and in his testimony at the omnibus hearing, Plaintiff alleged that on December 26, 2008, he slipped and fell in a puddle of water outside of his jail cell. He claims that he had previously pointed out the water to Defendant Clifton White, an officer at the jail, but that White had failed to have it cleaned up. Plaintiff contends that he injured his back in the fall and that medical personnel at the jail gave him insufficient medical treatment, that therafter Defendant Mary Rushing wrongfully transferred him out of the medical unit, and that medical staff denied him pain medication, denied his

---

[1]*Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

requests for a wheelchair or crutches, otherwise refused to treat him for medical complaints, and refused to bring his medication to him in his cell.  Plaintiff has also asserted a claim regarding the conditions in his cell, claiming that Defendant Deborah Brown placed him in a filthy cell with a roommate who smelled bad and told him she was doing it to punish him.  Finally, he has asserted an excessive force claim against Defendant Lawrence Dotson arising out of an incident during which Deputy Dotson allegedly took away Plaintiff's crutches and pushed him down.

Plaintiff's claim regarding the presence of water on the jail floor merits only brief discussion.  Plaintiff's contention is essentially that Officer White was negligent in failing to have the water cleaned up once Plaintiff brought it to his attention.  "[N]egligent inaction by a jail officer does not violate the due process rights of a person lawfully held in custody of the State."  *Hare v. City of Corinth*, 74 F.3d 633, 645 (5th Cir. 1996).[2]  For this reason, the Court concludes that Plaintiff's slip-and-fall claim fails as a matter of law.

A pretrial detainee seeking to recover on a claim for failure to provide medical care must prove that the jail officials acted with deliberate indifference to a substantial risk of serious harm.  *Mace v. City of Palestine*, 333 F.3d 621, 625 (5th Cir. 2003).   The evidence regarding Plaintiff's medical care establishes that immediately following his fall on December 26, 2008, Plaintiff was placed on a stretcher and taken to the medical unit.  There, the medical staff evaluated his condition and gave him pain medication.  Plaintiff spent the night in the medical unit.  When he awoke the next morning, he complained of

---

[2]Unlike the rights of convicted prisoners, the constitutional rights of a pretrial detainee flow from the Fourteenth Amendment's guarantees of due process, not the Eight Amendment's prohibitions against cruel and unusual punishment.  *Hare,* 74 F.3d at 638.

2

pain but refused medication when it was offered. Later that morning he accepted pain medicine, but he became belligerent and aggressive when the medical staff told him he would not be transported to the hospital. Because of his aggressive behavior, the medical director, Ruth Wyatt, ordered that Plaintiff be transferred back to general housing.[3]

Thereafter, for the next few weeks until his transfer out of HCDC on March 4, 2008, Plaintiff was seen by medical staff daily and by a physician on a frequent basis.[4] He continued to be offered pain medication, but he often refused it. A CT scan of the lumbar spine performed on February 4, 2008, revealed a minor disc bulge but was otherwise unremarkable. Plaintiff's medical records indicate that he nevertheless repeatedly complained of back pain, claimed to be unable to walk and demanded a wheelchair even though he was observed ambulating without difficulty, and repeatedly refused to come out of his cell for medication or medical treatment because of his alleged inability to walk. Furthermore, on several occasions he complained that he was coughing up blood, even though he was unable to provide a specimen to substantiate his complaints.

It is obvious from the medical record that no one was deliberately indifferent to any

---

[3]As stated *supra*, Plaintiff complains that Major Mary Rushing, the director of the detention center, caused him to be transferred out of the medical unit. In her affidavit, Rushing states that she did not make this decision; rather, the decision was made by Major Wyatt. More significantly, Plaintiff does not complain that his medical care changed in any way when he was transferred. Plaintiff's mere disagreement with the decision to transfer him out of the medical unit fails to state a cognizable claim for relief.

[4]The records indicate that Plaintiff was personally seen by a physician seven times between December 26, 2008 and March 4, 2009.

serious medical needs of Plaintiff.  Plaintiff received frequent and regular medical treatment, and any problems with receiving medication were the result of his own refusals to come out of his cell to receive his daily medications.  Plaintiff's medical claim fails as a matter of law.

Plaintiff's excessive force claim is likewise without merit.  Plaintiff claims that Defendant Lawrence Dotson pushed away his crutches, causing him to fall down and sustain "further pain and injury" to his back.  The Due Process Clause of the Fourteenth Amendment protects a pretrial detainee from excessive force that amounts to punishment.  *Graham v. Connor*, 490 U.S. 396, 395 n.11 (1989).   The standard for analyzing an excessive force claim under the Fourteenth Amendment is the same as the Eighth Amendment standard.  *Jackson v. Culbertson*, 984 F.2d 699, 700 (5th Cir. 1993).  That standard requires a showing of an injury that is more than *de minimis,* that the injury resulted directly and only from the use of force that was excessive to the need, and that the force was objectively unreasonable.  *Glenn v. City of Tyler*, 242 F.3d 307, 314 (5th Cir. 2001).  Plaintiff's claim fails under the first of these requirements: His vague statement as to injury is insufficient to surmount the *de minimis* hurdle.  Accordingly, Defendant Dotson is entitled to summary judgment on Plaintiff's excessive force claim against him.

Gilliam's final claim is that Corporal Brown placed him in a dirty cell with a roommate who had an offensive odor.  Plaintiff testified at his *Spears* hearing that when he complained to Brown about the conditions of the cell, Brown told him that she was placing him in the cell as punishment.  Because they have not been convicted of a crime, pretrial detainees are presumed innocent and have a clearly established due process

right to be free from punishment.  *See Bell v. Wolfish*, 441 U.S. 520, 534-37 (1979).  Where a pretrial detainee challenges as unconstitutional a jail official's specific act or omission, the jail official may be held liable only if he acts with subjective deliberate indifference.  *Hare,* 74 F.3d at 644-46.  An official acts with subjective deliberate indifference if, and only if, he is actually aware that his action or inaction places the inmate at substantial risk of serious harm and nevertheless acts with deliberate indifference to that risk.  Plaintiff's version of Brown's statement to him, if accepted as true, tends to show that she placed him in the cell for a wrongful purpose.  However, while the cell conditions as described by Plaintiff may not have been pleasant, Plaintiff has not established that Brown's action of moving him to the cell placed him at substantial risk of serious harm, as required under *Hare*.  For this reason, the Court concludes that Plaintiff has failed to raise a genuine factual issue on his excessive force claim against Brown.

    Accordingly, the Court concludes that Defendants are entitled to summary judgment on all of Plaintiff's claims.  Defendants' motion is hereby granted, and Plaintiff's claims are dismissed with prejudice.  A separate judgment will be entered pursuant to Rule 58 of the Federal Rules of Civil Procedure.

    SO ORDERED this the 12th  day of March, 2012.

                                                    /s/ F. Keith Ball
                                                  UNITED STATES MAGISTRATE JUDGE